IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CULLIN LANE LUMPKINS** | § | |
| | § | |
| **V.** | § | **A-13-CA-883-LY** |
| | § | |
| **WILLIAM STEPHENS,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions Division** | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court

pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United

States District Court for the Western District of Texas.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C.

§ 2254 (Document 1); Respondent's Motion to Dismiss (Document 6); and Petitioner's response

thereto (Document 7). Petitioner, proceeding pro se, has paid the filing fee for his application. For

the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas

corpus should be dismissed.

## I.  STATEMENT OF THE CASE

### A.   Petitioner's Criminal History

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence

of the 26th Judicial District Court of Williamson County, Texas.  Petitioner pleaded guilty to two

counts of aggravated sexual assault of a child and four counts of indecency with a child by sexual

contact.  He entered guilty pleas open to the court without the benefit of a plea agreement.

Following a punishment hearing, the trial court adjudged Petitioner guilty on all counts and assessed

punishment at 40 years' imprisonment for each count of sexual assault and 20 years' imprisonment

for each count of indecency with a child by sexual contact, with the sentences to run concurrently.

Petitioner's judgments of conviction were affirmed on December 29, 2011. Lumpkins v. State, 2011

WL 6938517 (Tex. App. – Austin 2011, no pet.).  Petitioner did not file a petition for discretionary

review.  He did, however, challenge his conviction in a state application for habeas corpus relief

executed on February 20, 2013, and file-marked on March 5, 2013.  The Texas Court of Criminal

Appeals denied it without written order on the findings of the trial court without a hearing on

September 18, 2013.  Ex parte Lumpkins, Appl. No. 79,780-01 at cover.

**B.      Petitioner's Grounds for Relief**

      Petitioner raises the following grounds for relief:

1.      He received ineffective assistance of trial counsel because counsel failed to challenge the constitutionality of his confession;

2.      He received ineffective assistance of trial counsel because counsel failed to challenge the sufficiency of the evidence on the two aggravated counts;

3.      He has obtained newly discovered evidence which shows he is factually innocent;

4.      He received ineffective assistance of trial counsel because counsel failed to object to the new prosecutor's recommendation of a life sentence.

## II.  DISCUSSION AND ANALYSIS

**A.      Statute of Limitations**

      Respondent moves to dismiss Petitioner's application as time-barred.  Federal law establishes

a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C.

§ 2244(d).  That section provides, in relevant part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.      Application**

Petitioner's conviction became final, at the latest, on January 28, 2012, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals, which according to Tex. R. App. R. 68.2, is 30 days following the court of appeals' judgment affirming his conviction. Gonzalez v. Thaler, 623 F.3d 222 (5th Cir. 2010) (holding a conviction becomes final when the time for seeking further direct review in the state court expires). Petitioner incorrectly argues his conviction did not become final until the Third Court of Appeals issued its mandate. Therefore, Petitioner had until January 28, 2013, to timely file a federal application for habeas corpus relief. Petitioner did not place his federal application in the prison mail system until October 2, 2013, approximately eight months after the limitations period expired. Petitioner's state application did not operate to toll the limitations period, because it was executed

on February 20, 2013, and presumably placed in the prison mail system that day, after the limitations

period had already expired.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner may be contending the untimeliness of his application should be excused, because

he is actually innocent.  In McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), the Supreme Court

recently held a prisoner filing a first-time federal habeas petition could overcome the one-year statute

of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in  Schlup

v. Delo, 513 U.S. 298, 329 (1995).  A habeas petitioner, who seeks to surmount a procedural default

through a showing of "actual innocence," must support his allegations with "new, reliable evidence"

that was not presented at trial and must show that it was more likely than not that, in light of the new

evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a

reasonable doubt. See Schlup, 513 U.S. at 326–27 (1995); see also House v. Bell, 547 U.S. 518

(2006) (discussing at length the evidence presented by the petitioner in support of an

actual-innocence exception to the doctrine of procedural default under Schlup). "Actual innocence"

in this context refers to factual innocence and not mere legal sufficiency.  Bousely v. United States,

523 U.S. 614, 623–624 (1998).

Petitioner relies on an affidavit of his daughter, the victim of his crimes, who now states she

was fourteen at the time of the crimes instead of thirteen.  The affidavit was also presented to the

state court in Petitioner's state application for habeas corpus relief.  The state habeas judge, who also

presided over Petitioner's sentencing hearing, found that the recanting affidavit does not satisfy the

threshold standard to warrant further review or relief because it fails to demonstrate affirmative

evidence of Petitioner's innocence such that no rational jury would convict him in light of the new

evidence when weighed against the circumstances at the time of the plea.  Ex parte Lumpkins, Appl.

No. 79,780-01 at 79.  The state habeas judge found:

> 22.  Specifically, because the indictment language alleged "on or about" dates for the charged offenses rather than specifying precise dates, the Court finds that Applicant was provided notice adequate to enable him to prepare a proper defense as evidenced by his demonstrated understanding and admission of the charges against him. Applicant does not deny, and indeed fully admits, he sexually molested his daughter in the manners alleged in the indictment.
>
> 23.  Further, the recanting affidavit is less than credible and fails to overcome the strength of the State's case against Applicant at the time of trial for the following reasons:  First, as set forth in Mr. Ray's affidavit, the State's evidence was based on a corroborated time-line that was backed up with school records, the victim's date of birth, and repeated adamant statements by the victim to multiple authorities that the abuse happened the summer after seventh grade.  These factors when cross-referenced unambiguously place the sexual assaults during the summer of 2006 when the victim was thirteen.  Applicant was aware of this evidence at the time of trial.
>
> 24.  Second, this Court is entitled to, and does, give significant consideration to Applicant's judicial confession and his admission during the plea hearing that his sexual assaults could have happened in 2006 as alleged.  Despite his stated desire to spare his daughter from having to endure a trial, the Court is unconvinced that applicant pleaded guilty purely out of care for his daughter.  By pleading guilty, Applicant avoided the presentation of egregious and graphic testimony to a jury, which in all likelihood would have resulted in a greater sentence than what he received.
>
> 25.  Third, the Court finds that Applicant had an ulterior motive to allege his attacks did not happen until his daughter was fourteen.  Contrasted with the victim's blaming of herself and her desire for leniency at the time of the plea, it is notable that she did not recant the offense dates at a time when the events were more recent and when she was in a position to help her father, particularly if it was true that she was fourteen when the abuse occurred and was seeking leniency.  See Applicant's "Exhibit G" (noting on 12/31/2009-spoke with Jennifer Earls last week she met with the family – mother and daughter.  Daughter made a very strong witness and felt very strongly about the year 2006 and have many stories about [Applicant] being manipulative especially regarding money.").
>
> 26.  Fourth, the recanting affidavit is less than credible as it does not even state the affiant-victim's own correct birthdate.  In addition, it does not claim that Applicant is actually innocent, nor does it refute in any way her repeated assertions at the time

that the assaults occurred the summer after seventh grade.  The affidavit makes no attempt to explain or repudiate the countervailing evidence, including the affiant's own statements, which were found credible at the time by multiple investigating agencies with expertise in evaluating such claims.

27.  After weighing the new evidence – which merely reasserts a potential defense that Applicant himself rejected at the time of [A]pplicant's plea – against the totality of the circumstances at the time of the plea, this Court finds that Applicant has not shown by clear and convincing evidence that no reasonable juror could have found Applicant guilty factoring in the new evidence.

Id. 79-80.  Petitioner complains the court made these findings without first holding a hearing.  He contends the state court's findings do not deserve deference.  Contrary to Petitioner's argument, the state court was not required to hold a live hearing with regard to the habeas application.  In addition, the state court's findings are entirely consistent with the evidence presented at Petitioner's sentencing hearing.  In conclusion, Petitioner has made no valid attempt to show he was actually innocent of the crimes to which he previously confessed and pleaded guilty.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss be granted and Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."   28 U.S.C. § 2253(c) (1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of January, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE